IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHIARRHA WILLIAMS )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED RECOVERY AND )<br>REMARKETING, LLC )<br>Serve: Corporation Service Co., Registered Agent )<br>       2908 Poston Avenue )<br>       Nashville, Tennessee 37203-1312 )<br>)<br>and )<br>)<br>S&S TOWING AND RECOVERY, LLC )<br>Serve: Samuel David Justice, Registered Agent )<br>       7911 Appomattox Avenue )<br>       Manassas, Virginia 20111 )<br>)<br>    Defendants. )<br>) | **AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Case No 1:21-cv-00457 |

Plaintiff, CHIARRHA WILLIAMS (hereinafter, "Plaintiff"), brings this Complaint by and through the undersigned counsel, against Defendants UNITED RECOVERY AND REMARKETING (hereinafter "United") and S&S TOWING AND RECOVERY, LLC (hereinafter "S&S") and allege as follows.

## INTRODUCTION

1. Plaintiff brings this action seeking redress for Defendants' unlawful taking of Plaintiff's motor vehicle when it had no right to possession of the motor vehicle. Defendants' actions thus violated the Fair Debt Collection Practices Act, as well as constituted an unlawful conversion and trespass.

1

2. Defendants' actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

3. Plaintiff is seeking actual and punitive damages, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq.* The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the actions complaint of occurred in this district.

## PARTIES

6. Plaintiff is a natural person and resident of Prince William County, Virginia.

7. Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant United is a Limited Liability Company with a primary business location at 311 Moore Lane, Collierville, Tennessee 38017.

9. United uses instrumentalities of interstate commerce in connection with a business which has its principal purpose of enforcing security interests.

10. The website for United indicates that it "provide[s] a full range of direct repossession, nationwide forwarding and automotive remarketing services ... we offer a full range of repossession services, both direct & nationwide, as well as skip tracing, and automotive remarketing (that means we sell vehicles for banks)." *See* https://www.unitedr2.com/tradition.

11. United is a debt collector pursuant to 15 USC 1692a(6).

12. Defendant S&S is a Virginia Limited Liability Company, with a principal address in Manassas, Virginia.

13. S&S uses instrumentalities of interstate commerce in connection with a business which has its principal purpose of enforcing security interests.

14. S&S is a debt collector pursuant to 15 USC 1692a(6).

## FACTS

15. At all times relevant hereto, Plaintiff owned a 2011 Mercedez Benz E350 (the "vehicle") in her sole name.

16. When Plaintiff purchased the car, she paid for it outright and did not finance any aspect of the purchase.

17. At all times relevant hereto, Plaintiff owned the vehicle free and clear, without any liens on it.

18. Plaintiff was given clear title to the vehicle at the time she purchased it.

19. On or about February 14, 2021, Defendants took the vehicle from Plaintiff's residence.

20. On information and belief, at the time Defendants took the vehicle from Plaintiff's residence, Defendants were taking it at the direction of an undisclosed third party who told them it had a security interest in the vehicle.

21. Defendants did not obtain any verification that the third party had a security interest in the vehicle.

22. No third party in fact had a security interest in the vehicle.

23. Neither Defendants nor any third party had any present right to possession of the vehicle at the time Defendants took it.

24. Plaintiff's neighbors saw the Defendants repossess the vehicle from her residence.

25. Plaintiff discovered the vehicle was missing on February 15, 2021.

26. Plaintiff contacted Defendants and demanded that they return her vehicle.

27. Defendants then admitted that they had no right to take the vehicle, but refused to return it unless Plaintiff signed a release of liability for them.

28. Plaintiff then contacted the police, and enlisted their assistance in getting the vehicle returned.

29. After the police contacted Defendants, Defendants returned the vehicle to Plaintiff on February 17, 2021.

30. When Defendants returned the vehicle to Plaintiff, it was damaged and not returned in the condition in which it was taken.

31. As a result of the damage to the vehicle, the vehicle has depreciated in value.

32. As a result of the Defendants' actions described above, the Plaintiff incurred damage to her property as well as loss of use of her vehicle and suffered stress, anxiety, embarrassment and aggravation.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

33. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's actions described above violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692f and 1692f(6).

35. By reason the above, Defendants are liable to Plaintiff for judgment for actual damages, statutory damages, costs and attorneys' fees.

## Count II: Conversion

36. The allegations in paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37. At the time Defendants took Plaintiff's vehicle, they lacked any right or authority to do so.

38. Defendants' taking of the vehicle was in contravention of Plaintiff's ownership rights therein.

39. Defendants' holding of the vehicle was wrongful and without right.

40. The actions taken by Defendants described above constitute a conversion of the Plaintiff's property rights in the vehicle.

41. The actions taken by Defendants described above constitute a conversion of the Plaintiff's property rights in the vehicle.

42. In taking the actions described above, Defendants knew they lacked authority and right to do so.

43. Defendants' actions were in willful, wanton, malicious and reckless disregard of Plaintiff's property rights in the vehicle.

44. Defendants' actions were in willful, wanton, malicious and reckless disregard of Plaintiff's property rights in the vehicle.

## Count III: Trespass to Chattels

45. The allegations in paragraphs 1 through 44 are re-alleged and incorporated herein by

reference.

46. Defendants intentionally took Plaintiff's vehicle.

47. The vehicle was Plaintiff's personal property.

48. Defendants lacked any authorization to take Plaintiff's vehicle.

49. As a result of Defendant's actions, Plaintiff has suffered damages.

50. In taking the actions described above, Defendants knew they lacked authority and right to do so.

51. Defendants' actions were in willful, wanton, malicious and reckless disregard of Plaintiff's property rights in the vehicle.

## DEMAND FOR TRIAL BY JURY

52. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.　Awarding Plaintiff statutory damages;

B.　Awarding Plaintiff actual damages;

C.　Awarding Plaintiff punitive damages;

D.　Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

E.　Awarding pre-judgment interest and post-judgment interest; and

F.　Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Date: July 8, 2021                    Respectfully Submitted,
                                               CHIARRHA WILLIAMS

                                               By: /s/ Thomas R. Breeden
                                               Thomas R. Breeden, Esquire/VSB#33410
                                               Thomas R. Breeden, P.C.
                                               10326 Lomond Drive
                                               Manassas, Virginia 20109
                                               Telephone No.: (703) 361-9277
                                               Facsimile No.: (703) 337-0441
                                               Email: trb@tbreedenlaw.com
                                               Counsel for Plaintiff